IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL P. BUTTERFIELD,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF AMES,<br><br>Defendant. | NO: 4:11-cv-17<br><br><br><br>**NOTICE OF REMOVAL OF CIVIL ACTION AND RULE 81.1 STATEMENT** |

**COMES NOW** the Defendant, City of Ames, and pursuant to 28 U.S.C. §§ 1331, 1441(b) and (c), and 1446, hereby gives notice of the removal of this cause from the Iowa District Court for Story County to the United States District Court for the Southern District of Iowa. In support hereof Defendant states:

1. A Petition and Jury Demand was filed in the Iowa District Court for Story County on or about October 12, 2010. Pursuant to 28 U.S.C. § 1446(a) a copy of the Petition is attached hereto as Exhibit A.

2. Defendant was notified about the Petition on or about December 20, 2010, when it received a letter from Plaintiff's counsel asking Defendant to accept service of the Petition. Defendant accepted service on January 3, 2011.

3. This cause may be removed from the Iowa District Court for Story County to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. §§ 1331 and 1441(b). Count I of Plaintiff's Petition alleges

discrimination based on disability.[1] Count II alleges discrimination based on Family and Medical Leave Act.

4.      Defendant requests the Court to accept jurisdiction of the Claim in Count III of Plaintiff's Petition, pursuant to 28 U.S.C. 1441(c). Count III, which alleges a claim for whistle blowing retaliation under Iowa Code § 70 A.29, arises out of the same transaction or occurrence that forms the basis of the claims for disability discrimination and violation of the Family and Medical Leave Act.

5.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Plaintiff, through his attorney, and will be filed with the Iowa District Court for Story County.

6.      Pursuant to Local Rule 81.1, Defendant states that the only matter currently pending in the state court is the state court matter removed by this notice. Attorneys appearing on behalf of the Plaintiff in the state court matter are Matthew Brick and Laura Luetje of Brick Gentry, P.C., 6701 Westown Parkway, Suite 100, West Des Moines, Iowa, 50266; Telephone: (515) 274-1450.

7.      No attorneys have appeared on behalf of the Defendant in state court.

WHEREFORE, for the reasons stated herein, this Court has jurisdiction over the this matter pursuant to 28 U.S.C. §§ 1331, and 1441(c), and over the parties, and removal is proper pursuant to 28 U.S.C. § 1441.

---

[1] Count I alleges Defendant's conduct constituted disability discrimination "in violation of applicable law." Disability discrimination is prohibited both by Federal Law, 42 U.S.C. § 12101 *et seq*, and Iowa law, Iowa Code Chapter 216. If Plaintiff is not alleging a claim under the Federal Americans With Disabilities Act, Federal jurisdiction still exists because of Count II, alleged violation of Family Medical Leave Act.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: /s/ Patrick D. Smith
Patrick D. Smith  AT0007392
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Phone:  (515) 246-5891
Fax:  (515) 246-5808
smith.patrick@bradshawlaw.com

ATTORNEYS FOR DEFENDANT

Original filed.

Copy to:

Matthew S. Brick
Laura R. Luetje
6701 Westown Parkway, Suite 100
West Des Moines, IA  50266

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 11th of January, 2011 by:

☐ U.S. Mail          ☐ FAX
☐ Hand Delivered     ☐ UPS
☐ Federal Express    ☒ Other____e-filed____

/s/ Peggy M. Rosky

IOWA DISCTRICT COURT FOR STORY COUNTY

| MICHAEL P. BUTTERFIELD, | |
|---|---|
| Plaintiff, | Case No. LACV046414 |
| v. | |
| CITY OF AMES, | PETITION AND JURY DEMAND |
| Defendant. | |

COMES NOW, the Plaintiff, Michael P. Butterfield, by and through his undersigned counsel, and for his Petition against the Defendant, City of Ames, respectfully states to the court as follows:

### PARTIES

1. At all times material hereto, Plaintiff, Michael P. Butterfield ("Plaintiff") is an individual, residing in Huxley, Story County, Iowa.

2. At all times material hereto, City of Ames is a municipality located in Story County, Iowa.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Iowa Code § 602.6101.

4. Venue is properly within Story County in that this is the jurisdictional district and division in which the acts complained of were committed or occurred.

### FACTS

5. Plaintiff began employment with Defendant on or about February 1, 1999 as a Control Technician.

Ex. A

6. In 2007, Dell Brown and Phil Schendel became manager and superintendent respectively of operations at the City of Ames Power Plant.

7. Subsequent to Mr. Brown and Mr. Schendel being put in charge of the City of Ames Power Plant, Plaintiff was required to publicly state upcoming FMLA qualifying doctor appointments at morning meetings and post them on the public maintenance calendar.

8. No other City of Ames employee was required to publicly state upcoming FMLA qualifying doctor appointments or post them on public calendars.

9. On or around January 7, 2008, the Office of the Auditor of State started and conducted an audit at the City offices of the Defendant.

10. Plaintiff was involved in the disclosure of documents and information provided to the State Auditor before and during their investigation.

11. Defendant suspended Plaintiff on January 9, 2008, after Defendant found it was under investigation by the Office of the Auditor of State.

12. Plaintiff was continually denied benefits, including emergency leave and FMLA leave throughout 2008.

13. On March 10, 2008, Plaintiff timely filed a complaint with the Iowa Civil Rights Commission, and sixty (60) days have expired since the filing of said complaint.

14. On or around November 12, 2008, Plaintiff was removed from a major installation project, updates on jet 1, for which he was uniquely qualified.

15. Defendant's agents refused to promote Plaintiff although he was the only applicant with the electrical and mechanical experience needed for the job he applied for.

16. The State Auditor's Report, which was critical of the City of Ames, was released on March 6, 2009.

17. Defendant terminated Plaintiff on April 30, 2009.

18. On July 14, 2010, the Iowa Civil Rights Commission issued a Right to Sue letter authorizing Plaintiff to commence an action in state district court within ninety (90) days of the issuance date.

19. As a result of Defendant's harassment and termination of Plaintiff's employment, Plaintiff has suffered damages.

## COUNT I

## DISCRIMINATION BASED ON DISABILITY

20. Plaintiff reasserts paragraphs 1 - 19 and incorporates them herein as if set forth in full.

21. Defendant is disabled as that term is defined by law.

22. Defendant was fully aware of Plaintiff's disabling conditions.

23. Defendant harassed, treated Plaintiff differently, failed to promote, and ultimately terminated Plaintiff due to his disabilities.

24. In addition, Defendant suspended Plaintiff for using the contracted grievance procedure when he objected to the treatment he was receiving.

25. Defendant's conduct was in violation of applicable law.

26. As a result of the wrongful conduct of the Defendant, Plaintiff has suffered emotional distress and has been damaged.

WHEREFORE, Plaintiff respectfully prays that the court enter judgment in his favor on Count I of his Petition and against the Defendants and award him: damages

equal to back pay and benefits lost, compensatory damages, including damages for Plaintiff's past and future emotional distress; an award of front pay and benefits; liquidated damages; punitive damages; attorneys' fees and litigation expenses; interest; the cost of this action; and for all other just and equitable release the court deems appropriate under the premises.

## COUNT II

### DISCRIMINATION BASED ON FAMILY MEDICAL LEAVE ACT

27.   Plaintiff reasserts paragraphs 1 - 26 and incorporates them herein as if set forth in full.

28.   Defendant was fully aware of Plaintiff's medical conditions.

29.   Defendant harassed, treated Plaintiff differently, failed to promote, and ultimately terminated Plaintiff due to his Family Medical Leave Act usage.

30.   In addition, Defendant suspended Plaintiff for using the contracted grievance procedure when he objected to the treatment he was receiving.

31.   Defendant's conduct was in violation of the applicable law.

32.   As a result of the wrongful conduct of the Defendant, Plaintiff has suffered emotional distress and has been damaged.

WHEREFORE, Plaintiff respectfully prays that the court enter judgment in his favor on Count II of his Petition and against the Defendants and award him: damages equal to back pay and benefits lost, compensatory damages, including damages for Plaintiff's past and future emotional distress; an award of front pay and benefits; liquidated damages; punitive damages; attorneys' fees and litigation expenses; interest;

the cost of this action; and for all other just and equitable release the court deems appropriate under the premises.

## COUNT III

### WHISTLEBLOWING RETALIATION

33. Plaintiff reasserts paragraphs 1-32 and incorporates them herein as if set forth in full.

34. On or around January 7, 2008, the Office of the Auditor of State conducted an audit at the City offices of the Defendant.

35. Plaintiff assisted the Auditor's Office with its audit of Defendant.

36. Defendant was aware of the assistance Plaintiff provided to the Auditor's Office as part of its audit of Defendant.

37. The Auditor of State's Report was released on March 6, 2009.

38. Plaintiff was terminated on April 30, 2009.

39. Defendant terminated Plaintiff's employment in violation of Iowa Code §70A.29.

40. As a result of the wrongful conduct of Defendant, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays that the court enter judgment in his favor on Count III of his Petition and against the Defendants and award him: damages equal to back pay and benefits lost, compensatory damages, including damages for Plaintiff's past and future emotional distress; an award of front pay and; liquidated damages; punitive damages; attorneys' fees and litigation expenses; interest; the cost of

this action; and for all other just and equitable release the court deems appropriate under the premises.

Original filed.                                  Respectfully Submitted by,

                                                 BRICK GENTRY P.C.

                                                 /s/ Matthew S. Brick

                                                 Matthew S. Brick AT0001081
                                                 Laura R. Luetje  AT0008915
                                                 6701 Westown Parkway, Suite 100
                                                 West Des Moines, Iowa 50266
                                                 Telephone: (515) 274-1450
                                                 Facsimile: (515) 274-1488
                                                 Email: matt.brick@brickgentrylaw.com
                                                 Laura.luetje@brickgentrylaw.com
                                                 ATTORNEYS FOR PLAINTIFF